UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAURE Z. NELSON,
    Petitioner,
    v.
J. MACDONALD, Warden,
    Respondent.

Case No. 16-cv-01329-YGR (PR)

**ORDER OF TRANSFER**

On March 17, 2016, Petitioner filed the instant *pro se* habeas action under 28 U.S.C. § 2254. Dkt. 1. However, his habeas corpus petition form was incomplete because he did not sign it.

On the same day the action was filed, the Clerk of the Court sent a notice to Petitioner informing him that his action could not go forward until he signed his habeas corpus petition form. Dkt. 3. The Clerk also sent another notice directing Petitioner to either pay the filing fee or file a completed prisoner's *in forma pauperis* ("IFP") application form. Dkt. 4. The Clerk sent Petitioner a copy of his unsigned habeas corpus petition form and a blank IFP application form, and informed him that he must sign his habeas corpus petition form and return it along with a completed IFP application form within twenty-eight days or his action would be dismissed.

Petitioner has since filed his signed habeas corpus petition form as well as a completed IFP application form along with his Certificate of Funds and his six-month prisoner trust account statement. Dkts. 6, 7.

Federal statute allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A federal petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court is properly filed in either the district of confinement or the district of conviction. *Id.* § 2241(d). Where a case is filed in the wrong venue, the district court has the discretion to transfer it to the proper federal court "in the interest of justice." *See* 28 U.S.C. § 1406(a).

1  Here, Petitioner challenges a conviction and sentence incurred in the Sacramento County
2  Superior Court, which is within the venue of the Eastern District of California.  *See* 28 U.S.C.
3  § 84.  Because Petitioner is challenging his conviction, venue for the instant habeas action is
4  proper in the district of conviction.  28 U.S.C. § 2241(d).

5  Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice,
6  this action is TRANSFERRED to the United States District Court for the Eastern District of
7  California.  The Clerk shall transfer the case forthwith.

8  All remaining motions are TERMINATED on this Court's docket as no longer pending in
9  this district

10  IT IS SO ORDERED.

11  Dated: May 6, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

2